1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Mark Juarez,                              No. 1:23-cv-00142 KJM CDB

12                      Plaintiff,              ORDER

13          v.

14    DG Strategic VII, LLC, et al.,

15                      Defendants.

16

17          Mark Juarez alleges DG Strategic VII, LLC (Dollar General) violated California

18    employment discrimination laws when Dollar General terminated his employment.[1]  Dollar

19    General has moved for summary judgment.  As described more fully below, the court **grants** in

20    part and **denies** in part Dollar General's motion.

21    **I.      PROCEDURAL HISTORY**

22          On December 14, 2021, Juarez submitted his administrative complaint to the Department

23    of Fair Housing and Employment and received an immediate right to sue letter.  *See* Notice of

24    Removal at 37, ECF No. 1.[2]  On December 8, 2022, Juarez filed a civil complaint against Dollar

---

[1] Juarez also named DOES 1-100 as defendants but has not moved to substitute named
individuals in their stead.  The court thus **dismisses** all DOE defendants without prejudice.  *See*
Fed. R. Civ. P. 4(m) (providing for dismissal if a defendant not served within 90 days after
complaint filed); *see also* Fed. R. Civ. P. 10(a) (complaint must "name all the parties").

[2] Pages cited here are those applied at the top right by the CM/ECF system.

1   General in Kern County Superior Court.  *See generally* Notice of Removal Ex. A (Compl.).  The

2   crux of Juarez's complaint is Dollar General constructively terminated his employment because

3   of a back injury he suffered while working in Dollar General's warehouse in the spring of 2020.

4   *See id.* ¶¶ 1–25.  While Dollar General officials initially begrudgingly tolerated his work

5   accommodation requests, after the initial month during which he was given light duty Juarez

6   claims Dollar General was no longer willing to accommodate or even engage in an interactive

7   process with Juarez over his requests for accommodation by the summer of 2021.  *See* Opp'n at

8   11–15, ECF No. 19.  Juarez claims Dollar General made no attempt to accommodate him after his

9   formal leave expired at the end of September 2021.  *See id.* at 15.  The end result was Dollar

10  General forced Juarez to work in a full duty capacity at the warehouse, his back got worse, he had

11  to take more leave than he had allotted to him to try to heal his back, and he was immediately

12  fired when his leave expired.  *See generally* Opp'n; Compl.

13          In his first claim, Juarez alleges Dollar General violated California's Fair Employment

14  and Housing Act (FEHA) by:

15  - Failing to provide Juarez reasonable accommodations.  *See id.* ¶ 27(a).

16  - Failing to engage in an interactive process with Juarez to identify a reasonable

17     accommodation based on his disability.  *See id.* ¶ 27(b).

18  - Discriminating against Juarez based on his physical disability.  *See id.* ¶ 27(f).

19  - Harassing Juarez based on his physical disability.  *See id.*

20  - Retaliating against Juarez based on his disability by terminating his employment.  *See id.*

21  At hearing, Dollar General's counsel took the position Juarez did not give Dollar General notice

22  of his request for a reasonable accommodation claim or for an interactive process, arguing that

23  references to reasonable accommodation or interactive process claims in the complaint are at best

24  conclusory, and not meet the plausibility threshold.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79

25  (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

26  /////

27  /////

28  /////

2

In his second claim, Juarez alleges Dollar General violated the California Family Rights Act (CFRA) by:

- Retaliating against Juarez for taking CFRA leave. *See id.* ¶ 42(a)–(b).

- Discriminating against Juarez for taking CFRA leave. *See id.* ¶ 42(a).

- Harassing Juarez for taking CFRA leave. *See id.* ¶ 42(a).

Third, Juarez alleges Dollar General terminated his employment in violation of public policy. *See id.* ¶¶ 53–63. Fourth, Juarez seeks declaratory relief. *See id.* ¶¶ 64–70. Juarez seeks general damages, punitive damages, medical expenses, loss of earnings, loss of earning capacity, attorneys' fees, as well as injunctive and declaratory relief. *See id.* (Prayer for Relief).

On January 30, 2023, Dollar General removed the case to this court based on diversity jurisdiction under 28 U.S.C. § 1332. Dollar General alleges complete diversity. Juarez is a citizen of California, *see* Compl. ¶ 1, who began working at the Dollar General Warehouse in Lebec, California, in 2019,[3] *see* Russell Decl. Ex. A (Defs.' Juarez Dep.) at 4, 112. Dollar General is a limited liability company organized under the laws of Tennessee, whose sole member, Dollar General Corporation, is incorporated in Tennessee and whose principal place of business is in Goodlettsville, Tennessee. Defs.' Notice of Removal ¶ 13. It sells "basic consumable goods, seasonal items, and home products." Massey Decl. ¶ 2. *See generally* Notice of Removal. Juarez has not contested removal. The court finds it has jurisdiction as the parties are completely diverse and Dollar General has plausibly asserted the amount in controversy exceeds $75,000. *See id.* ¶¶ 16–20; *Dart v. Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 89 (2014) (notices of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

On June 7, 2024, Dollar General moved for summary judgment on Juarez's FEHA discrimination, harassment and retaliation claims, his CFRA discrimination, harassment, and retaliation claims, his wrongful termination claim, his declaratory relief claim and his request for

---

[3] The court has compared the parties' respective statements of fact and the underlying record and reviewed the relevant deposition transcripts. Defs.' Stmt. Undisp. Facts; Joint Stmt. Undisp. Facts; Pl.'s Stmt. Undisp. Facts; Massey Decl., ECF No. 16-1; Russell Decl., ECF 16-2; Hadjian Decl., ECF No. 19-1; Hadjian Am. Decl., ECF No. 21.

1    punitive damages. *See* Mot. at 16–30, ECF No. 16. Dollar General argues Juarez was not

2    qualified for his work position when Dollar General terminated his employment on October 28,

3    2021, and that Juarez can provide no evidence of harassing behavior by Dollar General

4    employees. *See* Mot. at 16–20; Reply at 8–11, ECF No. 20. Juarez opposes the motion, arguing

5    there is a dispute of material fact regarding whether he was qualified to work in his position when

6    he was terminated and that Dollar General discriminated against him when it fired him. *See*

7    Opp'n at 15–19, ECF No. 19. Juarez also argues there is a dispute of material fact over whether

8    several comments made by his supervisors constituted harassing conduct. *See id.* at 27–28. The

9    motion is fully briefed. *See* Mot.; Opp'n; Reply. On October 11, 2024, the case was reassigned

10    to the undersigned. *See* Order, ECF No. 25. On May 8, 2025, the court heard oral argument on

11    Dollar General's motion for summary judgment. Alex Hadjian appeared for Juarez. *See* Mins.

12    Mot. Hr'g, ECF No. 32. Andrew Russell appeared for Dollar General. *See id.*

## II.    CLARIFYING THE RECORD: EVIDENTIARY OBJECTIONS

14        Under Federal Rule of Civil Procedure 56, litigants who move for or oppose summary

15    judgment must cite "particular parts of materials in the record" to show specific facts are

16    disputed, undisputed or cannot be proved, as the case may be. *See* Fed. R. Civ. P. 56(c)(1). This

17    district's local rules implement that rule by requiring a separate statement proposing undisputed

18    facts. *See* E.D. Cal. L.R. 260(a). The separate statement must "cite the particular portions" of the

19    record that establish each proposed fact as "undisputed." *Id.* The opposing party must then

20    respond to each proposed fact on the list and either admit or deny that the fact is undisputed. *See*

21    E.D. Cal. L.R. 260(b). If the opposing party contends the fact is disputed, it must cite "the

22    specific particular portions" of the record showing the fact is disputed. *Id.*

23        Dollar General has complied with Local Rule 260(a) and the parties also have submitted a

24    joint statement of undisputed facts. *See* Defs.' Stmt. Undisp. Facts, ECF No. 16-3; Joint Stmt.

25    Undisp. Facts, ECF No. 16-4. Juarez has filed objections and his own statement of undisputed

26    facts. *See* Pl.'s Response, ECF No. 19-2 Pl.'s Stmt. Undisp. Facts, ECF No. 19-3. In its reply,

27    Dollar General has objected on authentication grounds to exhibits D and C attached to the

28    declaration of Juarez's attorney Alex Hadjian; Dollar General also has objected to a number of

1    Juarez's undisputed facts.  Defs.' Objs., ECF No. 20-2; Defs.' Response to Pl.'s Stmt. Undisp.

2    Mat. Facts (Defs.' Response), ECF No. 20-3.

3        Juarez also has filed an amended declaration by Alex Hadjian that includes exhibits

4    Hadjian had meant to attach to the deposition transcripts Juarez submitted in opposition to Dollar

5    General's motion for summary judgment.  *See* Hadjian Am. Decl. at 2, ECF No. 21.  Dollar

6    General objects to the amended declaration, arguing it is untimely because Juarez submitted the

7    amended declaration after Dollar General had already submitted its reply brief.  *See* Defs.' Evid.

8    Objs. to Hadjian Am. Decl. at 2, ECF No. 22.  Dollar General also objects to the new exhibits on

9    authentication, foundation and relevancy grounds.  *See id.* at 2–4.

10        The court overrules Dollar General's objections to the amended declaration, finding it

11    does not constitute the kind of improper sandbagging that would warrant striking.  The exhibits

12    Juarez submitted with the amended Hadjian declaration are work emails about Juarez's

13    employment, phone records that Juarez claims show he attempted to contact Dollar General about

14    his leave in October 2021, and evaluations of Juarez's work performance while he was employed

15    at Dollar General.  *See* Hadjian Am. Decl. Exs. 6, 13–14, 16–17, 32, 38, 42, 47, 49 at 52–84; Exs.

16    6, 11–13, 16, 22, 33 at 158–208.  All of these documents are discussed at length in the deposition

17    transcripts Juarez initially submitted in opposition to Dollar General's motion for summary

18    judgment, and Dollar General had an opportunity to substantively respond to them in its reply

19    brief.  Dollar General also had an opportunity to object to the exhibits themselves on evidentiary

20    grounds.  *See generally* Defs.' Evid. Objs. to Hadjian Am. Decl.  Because Dollar General has not

21    shown it was prejudiced by the delay, the court overrules its timeliness objection and will

22    consider Juarez's late-filed exhibits in the interests of reaching the merits.  *See Doe by and*

23    *through Tanis v. San* Diego, 576 F. Supp. 3d 721, 730–31 (S.D. Cal. 2021) (finding court may

24    has discretion to consider late filed exhibits if opposing party cannot show it was "substantively

25    prejudiced" by the delay)..

26        The court also overrules the remainder of both Dollar General's and Juarez's objections.

27    The most common objections Dollar General makes are on grounds of relevance and materiality.

28    Yet "objections to evidence . . . that it is irrelevant, speculative, and/or argumentative, or that it

1    constitutes an improper legal conclusion are all duplicative of the summary judgment standard

2    itself." *Burch v. Regents of University of California*, 433 F. Supp. 2d 1110, 1119 (E.D. Cal.

3    2006). If a fact is not material, i.e., if it is irrelevant or a legal conclusion or speculative, it is not

4    germane to a Rule 56 analysis. *See, e.g.,* Defs.' Response No. 12 (objecting to Juarez's assertion

5    that Massey was unaware of whether Juarez's restrictions ever expired as being "irrelevant"). An

6    objection is unnecessary. Similarly, an objection based on "incompleteness"—the most common

7    objection advanced by Juarez—is just another way of saying the fact is disputed. *See Burch*, 433

8    F. Supp. 2d at 1119; *see, e.g.*, Pl.'s Response No. 16 (objecting to Dollar General's assertion

9    Juarez did not return to work on October 1, 2021, as being "incomplete"). Many of Dollar

10   General's objections relate to the form in which Juarez provides the evidence. Defs.' Objs.

11   (objecting to Hadjian's submission of two Dollar General emails for failure to authenticate the

12   emails). But "to survive summary judgment, a party does not necessarily have to produce

13   evidence in a form that would be admissible at trial, so long as the party satisfies the requirements

14   of Federal Rules of Civil Procedure 56." *Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir.

15   2003). If the party would be able to offer the evidence in admissible form at trial, then the court

16   considers it as part of the evidentiary record. *See id.* The court cannot conclude on this record

17   the evidence submitted by Juarez cannot be reduced to an admissible form at trial. *See id.*

18        Dollar General and Juarez's evidentiary objections are overruled.

19   **I.    DISPUTED AND UNDISPUTED MATERIAL FACTS**

20        Unless otherwise stated, the following facts are undisputed. Juarez began working at the

21   Dollar General Warehouse in Lebec, California, in 2019,[4] *see* Russell Decl. Ex. A (Defs.' Juarez

22   Dep.) at 4, 112. Dollar General sells "basic consumable goods, seasonal items, and home

23   products." Massey Decl. ¶ 2. Juarez's job with Dollar General was to fulfill orders by retrieving

24   merchandise and dropping it off at the warehouse's shipping dock. *See* Defs.' Juarez Dep. at 13.

25   In March 2020, Juarez injured his back at work while grabbing a box of bleach. *See id.* at 20. On

---

[4] The court has compared the parties' respective statements of fact and the underlying record and reviewed the relevant deposition transcripts. Defs.' Stmt. Undisp. Facts; Joint Stmt. Undisp. Facts; Pl.'s Stmt. Undisp. Facts; Massey Decl., ECF No. 16-1; Russell Decl., ECF 16-2; Hadjian Decl., ECF No. 19-1; *see also generally* Hadjian Am. Decl.

March 11, 2020, he went to a doctor who wrote Juarez a note stating Juarez received treatment for his injured back and that he was not to return to work until March 14, 2020.  *See* Hadjian Am. Decl. Ex. 11 at 163.  Juarez alleges he gave the doctor's note to his managers and to Chay Bridges, the human resources manager at the Lebec warehouse.  *See id.* at 162; Hadjian Decl. Ex. A (Pl.'s Juarez Dep.) at 36.  On March 24, 2020, Juarez emailed another doctor's note to Bridges.  *See* Hadjian Am. Decl. Ex. 11 at 160–61; Pl.'s Juarez Dep. at 36.  The March 24 note stated Juarez was restricted to lifting less than 20 pounds while at work.  *See* Hadjian Am. Decl. Ex. 11 at 160–61.

Juarez was then given light duty.  *See* Pl.'s Juarez Dep. at 13–14.  The warehouse uses large carts or wheeled carriers, known as "rolltainers," to transport merchandise from the warehouse shelves to the Dollar General stores where customers buy the goods.  *See* Hadjian Decl. Ex. B. (Massey Dep.) at 82–83.  Juarez initially was assigned the duty of "cycling": taking the rolltainers back from the stores on trailers and returning them to the warehouses so workers could stock them once again.  *See id.*  On April 14, 2020, Elizabeth Varela, the Inbound-Outbound manager of the Lebec warehouse emailed Matthew Martinez and Anthony Rivera, the two general managers of the warehouse, as well as Bridges with concerns about Juarez's light duty status.  She asked, "How long are we accommodating Mark for his personal injury?  I don't have a need for cycling at this time and do not want to create a job for a personal injury.  Please advise."  *See* Hadjian Am. Decl. Ex. 12 at 164.[5]  Ten days later, Elizabeth Arreola, the operations supervisor, reached an accommodation with Juarez: Juarez would work on "rolltainer repair," work that involved opening the rolltainers, setting them up for other employees and loading the rolltainers onto various trucks and forklifts as necessary for repairs to be done on them.  *See* Hadjian Am. Decl. Ex. 12 at 165; Pl.'s Juarez Dep. at 13–14; Massey Dep. at 85.  Juarez alleges Dollar General had an employee who worked exclusively on rolltainer repair for several years.  Pl.'s Juarez Dep. at 14.

---

[5] Juarez calls Varela "Elizabeth Arreola" in his opposition brief.  *See* Opp'n at 11.  But the name of the inbound-outbound manager is clearly Elizabeth Varela.  *See* Hadjian Am. Decl. Ex. 12 at 164.  Elizabeth Arreola was the operations supervisor at Dollar General.  *See id.* Ex. 12 at 165.

1       By the end of April, however, Juarez says Dollar General's patience with him came to an

2   end.  Martinez told Juarez he needed to return to full duty, and he could not work if he could not

3   do "one hundred percent active duty."  Pl.'s Juarez Dep. at 16.  When Juarez complained to

4   Rivera about Martinez, Rivera seemed to be unaware of Juarez's work restrictions.  *See id.* at 40.

5   After that exchange, Juarez claims he was forced to return to full duty, lifting the same heavy

6   objects in the same that had injured his back in March.  *See id.* at 13.

7       The record is not entirely clear on when Juarez returned to full duty.  According to Dollar

8   General, citing Juarez's deposition, Juarez was not returned to full duty until June 15, 2021.  *See*

9   Defs.' Juarez Dep. at 57.  Juarez says he had an email exchange at the end of July 2020 with

10  Rivera and Bridges over whether he had been unjustifiably absent from work on two Saturdays

11  that month; in an email he stated—and Rivera and Bridges ultimately agreed—he was on light

12  duty and therefore was not required to work Saturdays.  *See* Massey Dep. at 86; Hadjian Am.

13  Decl. Ex. 13 at 166.  Later in 2020, Juarez was listed as an "RT builder (light duty)" on the

14  warehouse work schedule suggesting a position similar to the one Juarez had been given the

15  previous April.  *See* Hadjian Decl. Ex. C.  In December 2020, Juarez was given the job of

16  scraping labels off the floor, a job first proposed by the managers of the warehouse for a light

17  duty employee.  *See* Massey Dep. at 90; Hadjian Am. Decl. Ex. 22 at 185.

18      In any event, whether or not Juarez had been on full duty or light duty or a combination of

19  the two at the end of 2020, his back continued to bother him in 2021.  Juarez claims he had to

20  take personal leave in late February and early March 2021 so his back would heal.  *See* Defs.'

21  Juarez Dep. at 44.  Several weeks after that, he took two more weeks of personal leave in an

22  attempt to heal his back.  *See id.* at 51.  On June 15, 2021, tensions boiled over at Dollar General.

23  On a coaching form, called a "Non Conveyable Order Puller Observation" form, Juarez wrote in

24  response to what he thought was negative feedback that he had not met the speed requirement for

25  pulling orders: "back is messed up and I'm pissed off."  Pl.'s Juarez Dep. at 24–25; Hadjian Am.

26  Decl. Ex. 32 at 60.  On the back of the form, Juarez wrote "My back is messed up, never released

27  off light duty.  Ya'll know why!"  Hadjian Am. Decl. Ex. 32 at 61.  Rivera signed both sides of

28  the of the form.  *See* Massey Dep. at 93; Hadjian Am. Decl. Ex. 32 at 60–61.  There is no

8

1    evidence in the record regarding Rivera's or Martinez's response to Juarez's comments on the

2    evaluation form, and Juarez claims Dollar General did not investigate the comments or ask him

3    about the comments. *See* Massey Dep. 95–98.

4          The next month, Juarez had to take yet another week off to try to heal his back and his

5    now-ailing hip. *See* Defs.' Juarez Dep. at 60. Not long after he returned to work, on July 23,

6    2021, Juarez obtained a note from his doctor, this time stating he had to take leave from work

7    until October 23, 2021. *See id.* at 64–65; Hadjian Am. Decl. Ex. 38 at 62. Juarez provided the

8    doctor's note and submitted a leave request for that period to Matrix Time Management, Dollar

9    General's third-party leave administrator. *See* Defs.' Juarez Dep. at 64–65. On August 6, 2021,

10   Matrix sent Juarez a letter informing him his leave request was approved through August 19,

11   2021, but denying the balance of the request for approximately an additional two months, given

12   that Juarez had by that point exhausted his Family Medical Leave Act (FMLA) and CFRA leave.

13   *See id.* at 65–66. Juarez does not dispute his FMLA/CFRA leave ran out on August 19, 2021.

14   *See id.* at 71. Also on August 6, 2021, Matrix emailed Juarez and advised him he was approved

15   for company medical leave as provided by Dollar General policy. *See id.* at 68. The company

16   leave would begin once his FMLA/CFRA leave expired on August 19, 2021, but the company

17   leave would expire on October 1, 2021, about three weeks shy of the date through which Juarez's

18   doctor said he should remain on leave. *See id.* at 68–69.

19         Juarez never returned to work. *See id.* at 75. Juarez claims he called Dollar General twice

20   on October 1, 2021, to discuss his options with the company as his leave was about to expire. *See*

21   Hadjian Am. Decl. Ex. 49 at 70 (Juarez's phone records showing him calling 1-855-275-3447, or

22   "855-ASK-DGHR," twice on October 1, 2021); Pl.'s Juarez Dep. at 43–44. Juarez claims Dollar

23   General did not call him back and it appears from his records he did not receive an incoming call

24   from the Dollar General hotline in October 2021. *See* Hadjian Am. Decl. Ex. 49 at 77–82. On

25   October 7, 2021, Matrix sent Juarez a letter informing him he needed to call within ten days to

26   discuss his intent to return to work. *See* Hadjian Am. Decl. Ex. 42 at 63. Juarez claims he did not

27   receive the letter until October 18, 2021. *See* Pl.'s Juarez Dep. at 32–33. That same day, Juarez

28   says he called Dollar General's human relations hotline and eventually spoke to someone named

1    "Edgar."  *See* Pl.'s Juarez Dep. at 42–44, 49–50; Hadjian Am. Decl. Ex. 49 at 79 (showing Juarez

2    called 1-855-275-3447 or "855-ASK-DGHR" on October 18, 2021).  Juarez claims he told Edgar

3    he was able to return to work but Edgar informed Juarez he had already been terminated.  *See*

4    Pl.'s Juarez Dep. at 34; *see also* Hadjian Am. Decl. Ex. 42 at 199 (Personnel Action Form

5    showing Juarez had been terminated on October 17, 2021).  The company actually had given

6    Juarez a ten-day extension until October 28, 2021, to return to work but Juarez alleges no one

7    ever told Juarez about the extension.  *See* Massey Dep. at 111; Hadjian Am. Decl. Ex. 42 at 192.

8    When he did not return to work on October 28, 2021, Dollar General officially terminated his

9    employment.  *See* Massey Dep. at 116; Hadjian Am. Decl. Ex. 42 at 203.

10   **IV.    SUMMARY JUDGMENT**

11        Dollar General has moved for summary judgment on all of Juarez's other claims and for

12   summary adjudication of his request for punitive damages.  *See generally* Mot.  To succeed at

13   summary judgment, Dollar General must show "there is no genuine dispute as to any material fact

14   and [Dollar General] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute

15   is "genuine" if "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v.*

16   *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome

17   of the suit under the governing law."  *Id.*  The court views the record in the light most favorable

18   to Juarez and draws reasonable inferences in his favor.  *Matsushita Elec. Indus. Co. v. Zenith*

19   *Radio Corp.*, 475 U.S. 574, 587–88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157

20   (1970).  Summary adjudication is evaluated under the same standard, "giving the nonmoving

21   party in each instance the benefit of all reasonable inferences."  *Am. Civil Liberties Union of Nev.*

22   *v. City of Las Vegas*, 333 F.3d 1092, 1097 (9th Cir. 2003).

23        **A.    FEHA Allegations (Claim One)**

24        The court first clarifies the scope of Dollar General's summary judgment motion, which

25   circumscribes the extent of the court's decision as reflected in this order.  Under the FEHA, the

26   state of California prevents employers from discharging or discriminating against employees with

27   a "physical disability."  Cal. Gov't Code § 12940(a).  The FEHA makes it an unlawful

employment practice for employers to not provide those with disabilities reasonable accommodations and requires that employers engage in an interactive process with employees to find such an accommodation. *See id.* ¶ 12940(m)(1), (h). The FEHA also prevents employers from retaliating against an employee who has opposed discriminatory practices. *See id.* § 12940(h). Finally, the FEHA prevents employers from harassing an employee on account of his physical disability or failing to stop harassment of an employee on account of his physical disability by other employees. *See id.* § 12940(j)(1). Because these provisions of the FEHA are substantially similar to federal employment discrimination laws, "California courts look to pertinent federal precedent when applying [their] own statutes." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000). As noted above Juarez's FEHA claim comprises a number of alleged violations: that Dollar General discriminated against Juarez because of his disability, harassed Juarez because of his disability, retaliated against Juarez because of his disability, failed to provide Juarez a reasonable accommodation, and failed to engage in the interactive process with Juarez. *See* Compl. ¶ 27.

At oral argument, without having briefed the issue, Dollar General expressed surprise when the court asked about Juarez's FEHA claims of failure to provide reasonable accommodation and failure to engage in the interactive process, on which Dollar General did not move for summary judgment. When the court pointed out the allegations in the complaint making those claims, *see* Compl. ¶ 26(a)–(b), Dollar General responded the allegations were too conclusory to plausibly state interactive process or reasonable accommodation claims under the FEHA. But Dollar General never moved to dismiss these claims, let alone for summary judgment, and has not provided any fair reason for the court to consider summary judgment of Juarez's interactive process and reasonable accommodation claims now, given that the language in Juarez's complaint was more than enough to put Dollar General on notice "of what [Juarez's] claim[s] [are] and the grounds upon which [they] rest[]." *Pac. Coast Fed'n of Fisherman's Assocs. v. Glaser*, 945 F.3d 963, 968 (9th Cir. 2006). The court does resolve summary judgment

/////

/////

1    to the extent Dollar General has moved with respect to other aspects of Juarez's FEHA claim,

2    namely his discrimination, retaliation and harassment claims.[6]

3        The court considers first whether there is a genuine dispute of material fact over whether

4    Juarez was qualified for the position with reasonable accommodation in October 2021 when

5    Dollar General terminated him as that threshold question determines whether Juarez can raise a

6    genuine issue of material fact over his FEHA discrimination and retaliation claims.  Then the

7    court will analyze whether Juarez has provided sufficient direct evidence of discrimination for his

8    FEHA discrimination claim  creates a genuine dispute of material fact.  Next, because Juarez

9    relies on the same evidence to support his FEHA retaliation and indirect discrimination claims,

10   and both require similar burden-shifting analyses, the court analyzes them together.  The court

11   addresses Juarez's FEHA harassment claim last.

12                    **1.        Qualifications for the Position**

13       Dollar General claims Juarez was not qualified for the position in October 2021, even with

14   reasonable accommodations.  *See* Mot. at 19.  If Juarez was undisputably not qualified for the

15   position, Dollar General could not, as a matter of law, be held liable for discriminating against

16   him by terminating Juarez's employment as the FEHA does not protect employees with

17   disabilities that render them "unable to perform his or her essential duties even with reasonable

18   accommodations . . . ."  *Green v. California*, 42 Cal. 4th 254, 262 (2007).

19       Taking the facts in the light most favorable to Juarez, as the court must at this stage, the

20   court concludes a reasonable factfinder could find Juarez was qualified for his assigned position

21   with reasonable accommodations provided.  It is undisputed Juarez was qualified in the first

22   instance because he was hired for and worked at the position since 2019.  *See* Defs.' Juarez Dep.

23   at 4, 112.  He received an accommodation for his back in the spring of 2020 but returned to full

24   duty at some point, although the date of his return is disputed.  *Compare* Pl.'s Juarez Dep. at 13

25   (saying returned in May 2020) *with* Defs.' Juarez Dep. at 57 (saying returned to full duty on June

---

[6] Because Dollar General has not asserted Juarez's interactive process and failure to provide reasonable accommodation claims are precluded from going to trial based on a failure to exhaust administrative relief, the court has not considered this question.

1    15, 2021).  Juarez continued to work for Dollar General throughout 2020.  *See id.* at 15.  While

2    Juarez took leaves of absence in 2021 related to his back injury, they were not indefinite leaves of

3    absence.  He returned and worked again at the warehouse off and on until the end of July 2021.

4    *See* Defs.' Juarez Dep. at 44, 51.

5        This is not a case in which an employee goes on leave and then indefinitely seeks to

6    extend that leave.  *See Rosado v. Leprino Foods Co.*, 22-2302, 2025 WL 1017529, at *3 (E.D.

7    Cal. Apr. 4, 2025) (collecting cases).  In those kinds of cases, the employer need not provide a

8    reasonable accommodation as "the FEHA does not demand employers 'wait indefinitely for an

9    employee's medical condition to be corrected.'"  *Id.* (quoting *Hanson v. Lucky Stores, Inc.*, 74

10   Cal. App. 4th 215, 226–27 (1999)).  However, a leave of absence to recover from an injury, such

11   as the one Juarez experienced while working at Dollar General, can be a reasonable

12   accommodation.  *See Hanson*, 74. Cal. App. 4th at 226 ("[A] finite leave can be a reasonable

13   accommodation under FEHA, provided it is likely that at the end of the leave, the employee

14   would be able to perform his or her duties").  Indeed, Dollar General admits it generally treats

15   leave requests that extend beyond the leave an employee legally is entitled to as a request for an

16   accommodation.  *See* Massey Dep. at 61.  Viewing the facts in the light most favorable to Juarez,

17   a reasonable factfinder could find he could have returned to work on October 23, 2021, based on

18   his doctor's note, and Dollar General was on notice of this intended return date.  *See* Defs.' Juarez

19   Dep. at 79; Hadjian Decl. Ex. D; Hadjian Am. Decl. Ex. 38 at 62.

20       It is for a jury to decide the dispute of material fact regarding whether Juarez was

21   qualified for the job in October 2021.

22                **2.    Direct Evidence of Discrimination**

23       Dollar General argues Juarez cannot establish either direct or indirect discrimination.  *See*

24   Mot. at 20–22; Reply at 9–10.  Juarez claims his FEHA disability discrimination claims

25   survive summary judgment because he has submitted both direct and indirect evidence from

26   which a reasonable factfinder could find discrimination.  *See* Opp'n at 16-19.

27       Employment discrimination claims may be proven with either direct or circumstantial

28   evidence.  *See Morgan v. Regents of Univ. of Cal.*, 88. Cal. App. 4th 52, 67 (2000).  Direct

1    evidence "is evidence which, if believed, proves the fact [of discriminatory animus] without

2    inference or presumption." *Id.* (quoting *Godwin v. Hunt Wesson, Inc.* 150 F.3d 1217, 1221 (9th

3    Cir. 1997)) (alterations in original).  Here, Juarez may rely on direct evidence to defeat summary

4    judgment, but that evidence must be "directly tied to the adverse employment decision."  *See*

5    *France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015) (citing *TransWorld Airlines, Inc. v.*

6    *Thurston*, 469 U.S. 1985)).  "Stray remarks" not tied to an adverse employment decision "are not

7    direct evidence capable of defeating summary judgment." *Id.* (citing *Merrick v. Farmers Ins.*

8    *Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990)).

9          Juarez claims he has provided direct evidence of discrimination by pointing to what

10    Martinez told him sometime in late  April 2020, that Juarez needed to be on "one hundred percent

11    active duty," and also by pointing to Rivera's claiming in roughly the same time period he did not

12    know about Juarez's work restrictions.  *See* Opp'n at 17 (citing Pl.'s Juarez Dep. at 16, 40).

13    Dollar General argues Juarez's evidence at best amounts to "stray remarks" insufficient for his

14    discrimination claim to survive summary judgment.  *See* Reply at 10.

15          The court finds Juarez has not provided sufficient direct evidence for his FEHA disability

16    and retaliation claims to survive summary judgment.  Typically, direct evidence encompasses the

17    employer's use of insidious racial or gendered slurs or adoption of policies that are facially

18    discriminatory. *See Chuang v. Univ. of Cal. Davis Bd. of Trustees*, 225 F.3d 1115, 1128 (9th Cir.

19    2000) (finding use of racial slur constituted direct evidence of discrimination sufficient for

20    plaintiff to survive summary judgment); *Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d

21    802, 812 (9th Cir. 2004) (finding cab company's insurance policy to be facially discriminatory

22    because it did not cover drivers over the age of seventy).  By contrast, a reasonable factfinder in

23    this case could find Rivera actually did not know about Juarez's disability and Martinez believed

24    the timeframe for Juarez's restrictions had come to an end.  *See* Pl.'s Juarez Dep. at 16, 40.

25    Additionally, their remarks were made over a year and a half before Juarez's termination and,

26    standing alone without other corroborating evidence, cannot be tied indisputably to the adverse

27    employment decision.  At best they are "stray remarks" and insufficient to withstand summary

1     judgment. *See France*, 795 F.3d at 1173.

2            **3.**      **Indirect Evidence of Discrimination and Retaliation**

3         Juarez therefore needs circumstantial evidence Dollar General discriminated and retaliated

4     against him that could persuade a reasonable factfinder he should prevail on these claims.

5     Circumstantial evidence of discrimination implicates a "system of shifting burdens to aid the

6     presentation and resolution of such claims." *Morgan*, 88 Cal. App. 4th at 68 (citing *Hersant v.*

7     *Dep't of Soc. Servs.* 57 Cal. App. 4th 997, 1002 (1997)). Juarez must make out a prima facie case

8     by "(1) . . . proving that [he was] a member of a protected class, (2) [he was] qualified for [his]

9     position, (3) [he] suffered an adverse employment action, and (4) some other circumstance

10     suggests discriminatory motive." *Guz*, 24 Cal.4th at 355 (citations omitted). Retaliation claims

11     implicate a similar burden-shifting framework. Juarez must show (1) he was engaged in a

12     protected activity; (2) he was subject to an adverse employment decision; and (3) there was a

13     causal link between the two. *See Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th

14     952, 989 (2008) (citing *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005)).

15         Juarez has provided sufficient evidence to support a jury's finding he made a prima facie

16     case of disability discrimination. Juarez has alleged he was physically disabled owing to his back

17     injury suffered in March 2020. *See* Defs.' Juarez Dep. at 20. As discussed above, there is a

18     dispute of material fact over whether Juarez was qualified for the position as he was initially

19     qualified when he began working at Dollar General, had several leaves of absence in 2021 but

20     had a planned return to work date. It is undisputed Juarez suffered an adverse employment

21     decision in that he was terminated. *See* Massey Dep. at 116; Hadjian Am. Decl. Ex. 41 at 203.

22     That leaves the fourth prong of the prima facie case requirement: whether there were other

23     circumstances suggesting discriminatory motive. Dollar General claims Juarez cannot meet this

24     last prong because Juarez does not remember an employee of Dollar General ever making a

25     disparaging remark about his disability. *See* Reply at 11 (citing Defs.' Juarez Dep. at 90–91).

26     But Juarez does not need to point to this kind of direct evidence of discrimination, and he has

27     instead provided circumstantial evidence that a jury could find shows management was upset with

28     having to accommodate Juarez's disability, did not respond to Juarez's complaints about being

1   put back on active duty and used the expiration of Juarez's leave time as an excuse to terminate

2   him. *See* Pl.'s Juarez Dep. at 25; Hadjian Am. Decl. Ex. 32 at 60. Juarez also points to evidence

3   a reasonable jury could find shows Dollar General did not accommodate his injury by granting

4   him leave in October 2021 and refused to engage in an interactive process with him over his

5   requested accommodation. *See* Hadjian Decl. Ex. D; Defs.' Juarez Dep. at 79. This is enough for

6   a reasonable jury to find Juarez has made out a prima facie case of disability discrimination. *See*

7   *Guz*, 24 Cal. 4th at 355 (describing plaintiff's burden in making out prima facie disability

8   discrimination case as not being "onerous").

9        This same evidence also is sufficient for a reasonable factfinder to find for Juarez on his

10  FEHA retaliation case. As Juarez notes, pursuing one's rights under the FEHA constitutes a

11  protected activity and there is evidence to show Juarez pursued his rights to a reasonable

12  accommodation and an interactive process in the summer of 2021 when he complained about his

13  back injury and sought leave from work for a three month period. *See* Opp'n at 28 (citing *Pardi*

14  *v. Kaiser Foundation Hospitals*, 389 F. 3d 840, 850 (9th Cir. 2004)). Further a causal link

15  "between a protected activity and the alleged retaliatory action 'can be inferred from timing

16  alone' when there is a close proximity between the two.'" *Thomas v. City of Beaverton*, 379 F.3d

17  802, 812 (9th Cir. 2004) (quoting *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th

18  Cir. 2002)). The proximity in time between Juarez's desiring an accommodation in the form of

19  an extended leave and his firing immediately after his leave ran out is enough to raise a dispute of

20  material fact as to whether Juarez was terminated for requesting an accommodation for his

21  disability.

22       If a jury were to find Juarez satisfied the requirement of a prima facie case with respect to

23  each of his discrimination and retaliation claims, the burden of production then would shift to

24  Dollar General, who would need to show a credible nondiscriminatory reason for terminating

25  Juarez. *See Guz*, 24 Cal. 4th at 333; *Nadaf-Rahrov*, 166 Cal. App. 4th at 989. Dollar General

26  points to Juarez's leave having expired and evidence it says shows he was not qualified for his

27  position, at least when he was terminated in October 2021. *See* Defs.' Juarez Dep. at 79.. Juarez

28  does not contest that Dollar General has offered sufficient evidence from which a reasonable jury

1    could find a credible nondiscriminatory reason for Dollar General's termination of Juarez.  The

2    court finds Dollar General has provided sufficient evidence at this stage to meet its burden of

3    production on both Juarez's discrimination and retaliation claims.

4         For both discrimination and retaliation claims, the court considers whether Juarez

5    ultimately can survive summary judgment assuming the burden shifts back to him, to show a

6    reasonable jury could find Dollar General's nondiscriminatory rationale for Juarez's dismissal is

7    pretextual.  *See Guz*, 24 Cal. 4th at 353.  In general, California courts require evidence for pretext

8    to be "substantial responsive evidence that the employer's showing was untrue or pretextual."

9    *Hersant*, 57 Cal. App. 4th at 1004 (internal citations and quotations omitted).  The court finds

10   Juarez has met this burden, for purposes of summary judgment.  Juarez argues he satisfied pretext

11   based on the evidence supporting his overall narrative, reviewed above:  Dollar General

12   begrudgingly offered accommodations to him in 2020 but then shut them off in 2021 and refused

13   to help Juarez further in identifying accommodations, engaging in an interactive process, or

14   investigating his complaints on an evaluation form.  Dollar General then terminated him without

15   discussion or much communication in October 2021 because it did not want to employ a person

16   with a back injury in its warehouse.  *See* Opp'n at 17–27 (reviewing Dollar General's alleged

17   dissatisfaction with placing Juarez on light duty, Juarez's complaints on his Non-Conveyable

18   Order Puller Observation Form, Dollar General's alleged failure to investigate his complaints,

19   and  Juarez's attempts to reach his employer after his leave expired in October 2021).  Dollar

20   General responds with its position, that Juarez had not been cleared to return to work in October

21   2021, that he never called the Dollar General human resource hotline to complain about a lack of

22   accommodations, and that he has not identified Dollar General employees who were treated better

23   than him.  *See* Reply at 11–13 (reviewing Juarez's deposition testimony admitting no employee

24   made a disparaging comment to him and  he did not have a doctor's note allowing him to return

25   on October 1, 2023, when his leave expired) .  As noted above, whether or not Juarez could return

26   to work in late October is a dispute of material fact.  It also is disputed whether Juarez

27   complained about his back in the summer of 2021 through the proper channels at Dollar General,

28   given  Dollar General argues Juarez should have called its human resources hotline to investigate

1  and work with Juarez at supplying him with an accommodation. *See* Pl.'s Juarez Dep. at 25;

2  Hadjian Am. Decl. Ex. 32 at 60. Given the disputed evidence relevant to the question of pretext,

3  the court finds Juarez has identified substantial evidence from which a reasonable factfinder could

4  find pretext, so as to survive summary judgment.

5        Dollar General's motion for summary judgment on Juarez's disability discrimination and

6  retaliation claims under the FEHA is denied.

7        **4.     FEHA Harassment (Claim 1)**

8        To prevail on a harassment claim under the FEHA, Juarez must show, among other things,

9  that he experienced harassing conduct based on his disability and that conduct interfered with his

10  ability to perform his job. *See Ortiz v. Dameron Hosp. Ass'n*, 37 Cal. App. 5th 568, 581 (2019)

11  (citing *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010)). Harassing conduct by

12  supervisory employees, under California law, "consists of conduct outside the scope of necessary

13  job performance, conduct presumably engaged in for personal gratification, because of meanness

14  or bigotry, or for other personal motives." *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 63

15  (1996).

16        As Dollar General notes, Juarez admits he does not remember experiencing negative

17  comments at work about his disability. Mot. at 17; *see* Defs.' Juarez Dep. at 90–91. Juarez

18  responds by arguing the email from Varela, who seemed impatient about giving Juarez light duty

19  for his back injury, as well as the evidence of his conversations with Martinez and Rivera who

20  both challenged Juarez's light duty accommodation, support a finding there is a dispute of

21  material fact over whether harassing conduct took place. *See* Opp'n at 28; Massey Dep. 81–82;

22  Pl.'s Juarez Dep. at 15, 40. Juarez also points to aspects of the record that are silent in ways that

23  support his position, namely his claims of Dollar General's failure to accommodate or engage in

24  an interactive process with him in the summer and fall of 2021. *See id.* at 23–26. The emails or

25  comments Juarez points to, however, all were made by supervisors and all of the comments

26  related to essential job performance questions: whether Juarez needed light duty or other

27  accommodations. *See* Massey Dep. at 81–82; Pl.'s Juarez Dep. at 15, 40. They were not "outside

28  the scope of necessary job performance." *Janken*, 46 Cal. App. 4th at 63. Even if they were,

1   Juarez fails to show these comments about his disability interfered with his job performance: he

2   does not allege, for example, that he felt compelled to resign, was passed up for a promotion or

3   received negative performance reviews as a consequence of the comments. *See Ortiz*, 37 Cal.

4   App. 5th at 583 (finding dispute of material fact over harassment claim when reasonable trier of

5   fact could conclude the "working conditions were so intolerable that a reasonable person in her

6   position would have felt compelled to resign"). Juarez does not point to sufficient evidence from

7   which a reasonable factfinder could find for him on his harassment claim.

8        The court grants Dollar General's motion for summary judgment on Juarez's harassment

9   claim.

10       In sum, the court denies Dollar General's motion for summary judgment on Juarez's

11  FEHA claims asserting  disability discrimination and retaliation. The court grants Dollar General

12  summary judgment on Juarez's FEHA harassment claim.

### B.    CFRA Claims (Claim Two)

14       The CFRA allows an employee to take leave "from work for certain personal or family

15  medical reasons without jeopardizing job security." *Faust v. Cal. Portland Cement Co.*, 150 Cal.

16  App. 4th 864, 878 (2007) (quoting *Nelson v. United Techs.*, 74 Cal. App. 4th 597, 606 (1999)).

17  The applicable statutory language bars employers of 50 or more employees from refusing to grant

18  a leave request by an employee for up to 12 weeks within any 12-month period. *See id.* (citing

19  Cal. Gov't Code § 12945.2(a), (c)(2)(A)). CFRA claims generally are divided into two types:

20  claims relating to interference with the plaintiff's right to take 12 weeks of leave and claims

21  relating to discrimination, retaliation, and harassment as a consequence of a plaintiff's taking their

22  entitled CFRA. *See Moore v. Regents of Univ. of Cal.*, 248 Cal. App. 4th 216, 233 (2016)

23  (quoting *Rogers v. County of Los Angeles*, 198 Cal. App. 4th 480, 487–88 (2011)). Interference

24  claims do not require the court to engage in a burden-shifting analysis while discrimination and

25  retaliation claims do require such an analysis. S*ee Faust v. Cal. Portland Cement Co.*, 150 Cal.

26  App. 4th 864, 879 (2007). Juarez makes both types of claims: that Dollar General interfered with

27  his right to take CFRA leave, and that Dollar General discriminated, retaliated, and harassed

28  Juarez because he took CFRA leave. *See* Compl. ¶¶ 27(c), 42(a).

1    The court addresses Juarez's interference claim first and as above, addresses Juarez's

2    discrimination and retaliation claims together as they rely on the same factual allegations and

3    evidence, and both involve a burden-shifting analysis. The court addresses Juarez's CFRA

4    harassment claim last.

5                    **1.    CFRA Interference**

6    In its briefing, Dollar General only seeks summary judgment on Juarez's CFRA

7    retaliation, discrimination, and harassment claims. *See* Mot. at 25–27; Reply at 14–15. The court

8    resolves only what Dollar General has presented in its motion.[7]

9                    **2.    CFRA Discrimination and Retaliation**

10    As noted above, Juarez has not presented sufficient evidence for a reasonable factfinder to

11    find he experienced direct discrimination. Thus, for his CFRA discrimination and retaliation

12    claims, as with his FEHA discrimination and retaliation claims, Juarez must show there is a

13    dispute of material fact based on the indirect evidence in the record. The court evaluates that

14    evidence through a burden-shifting analysis. While they have different elements, Juarez's CFRA

15    discrimination and retaliation claims both require Juarez show causation for him to make out a

16    prima facie case. *See Dudley v. Dep't of Transp.*, 90 Cal. App. 4th 255, 264–65 (2001).

17    Specifically, Juarez needs to show there is a dispute of material fact for a jury to decide, regarding

18    whether Dollar General discriminated against him or retaliated against him because he took

19    CFRA leave. *See id.* And as with his FEHA claims, if Dollar General provides sufficient

20    evidence to support a legitimate non-discriminatory reason for his termination, Juarez would need

21    to show through substantial evidence that a jury could find the reason is pretextual. *See id.*

22    There is very little in the record to support a causal link between Juarez's termination and

23    his taking of CFRA leave. It is undisputed Dollar General gave Juarez his full allotment of

24    CFRA leave and each time after he took leave through July 2021, Juarez came back to his

25    position. *See* Defs.' Juarez Dep. at 71. When Juarez's CFRA leave ran out, Dollar General gave

---

[7] Here as well, because Dollar General has not asserted this claim is precluded from going to trial based on a failure to exhaust administrative relief, the court has not considered the question.

1   him additional leave up to the maximum as provided by its company policy.  *See* Defs.' Juarez

2   Dep. at 68.  It also is undisputed that Juarez cannot remember anyone at Dollar General making

3   disparaging remarks about Juarez's taking CFRA leave.  *See id.* at 90–91.

4        Juarez's argument for causation focuses on the timing of key events: the evidence shows

5   he was terminated within three months of taking CFRA leave.  *See* Hadjian Am. Decl. Ex. 42 at

6   199 (Personnel Action Form showing Juarez terminated on October 17, 2021).  As with FEHA

7   retaliation claims, evidence of proximity in time can support a CFRA retaliation or discrimination

8   claim.  *See Villiarimo*, 281 F.3d at 1065 (collecting cases).  But even if Juarez could prove up a

9   prima facie case with respect to his CFRA claims, Dollar General has provided an unrebutted

10   non-discriminatory reason for Juarez's termination: that he was unqualified for the position in

11   October 2021 and had exhausted his leave.  *See* Mot. at 23–24.  Juarez has no evidence of pretext

12   because, while he has provided substantial evidence Dollar General did not want to provide him

13   with reasonable accommodations or engage in an interactive process with him, that evidence

14   would not allow a reasonable factfinder to conclude Dollar General fired Juarez because he took

15   CFRA leave, given that Dollar General granted Juarez his CFRA leave and allowed him to return

16   to work every time after he exhausted his CFRA leave for a given period of time.  *See id.* at 23.

17   Indeed, the evidence, viewed in the light most favorable to Juarez, instead shows Dollar General

18   granted Juarez leave to the full extent available but declined to go any further in accommodating

19   him.

20        The court grants Dollar General summary judgment on Juarez's CFRA discrimination and

21   retaliation claims.

### 3.    CFRA Harassment

23        Juarez's CFRA harassment claim requires meeting the same elements as a FEHA

24   harassment claim.  *See Lurie v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 16-0787, 2016

25   WL 7508183, at *2 (C.D. Cal. Mar. 14, 2016).  As noted above, Juarez has not provided any

26   evidence of harassing behavior, whether or not related to his CFRA leave.  Further, Juarez admits

27   to not being able to remember anyone at Dollar General making disparaging comments about him

28   taking his CFRA leave.  *See* Defs.' Juarez Dep. at 90–91.

1  The court grants summary judgment to Dollar General on Juarez's CFRA harassment

2  claim.

3  In sum, the court grants Dollar General summary judgment on Juarez's CFRA claim to the

4  extent covered by Dollar General's motion.

5  **C.    Termination in Violation of Public Policy (Claim Three)**

6  Among other requirements, a termination in violation of public policy or "*Tameny*" claim,

7  *see Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167 (1980), requires a plaintiff show a

8  termination or adverse employment action was a violation of public policy.  *See Lavin v. United*

9  *Techs. Corp.*, No. 2:13-cv-09384, 2015 WL 847392, at \*19 (C.D. Cal. Feb. 23, 2015) (citing

10  *Holmes v. Gen. Dynamics Corp.*, 17 Cal. App. 4th 1418, 1426 (1993)).  To prove a wrongful

11  termination in violation of public policy claim, a plaintiff can show the policy is "supported by

12  either constitutional or statutory provisions." *Stevenson v. Sup. Ct.*, 16 Cal. 4th 880, 889–90

13  (1997).  The California Supreme Court has held disability discrimination under the FEHA

14  constitutes a public policy for the purposes of a *Tameny* claim.  *See City of Moorpark v. Sup. Ct.*,

15  18 Cal. 4th 1143, 1161 (1998).  Dollar General argues Juarez's *Tameny* claim fails because his

16  FEHA claims also fail.  *See* Mot. at 27.  But, as noted above, the court has found Juarez's FEHA

17  disability discrimination claim survives summary judgment and thus his *Tameny* claim also

18  survives summary judgment.

19  Dollar General's motion for summary judgment on Juarez's wrongful termination claim is

20  denied.

21  **D.    Declaratory Relief (Claim Four)**

22  Dollar General seeks summary judgment on Juarez's request for declaratory relief,

23  arguing such relief is redundant of Juarez's damages request and is inapplicable as Juarez is only

24  alleging past wrongs rather than ongoing or prospective harm, the focus of declaratory and other

25  types of equitable relief.  *See* Mot. at 27–28.

26  While it is true that ultimately Juarez may not obtain both declaratory relief and damages,

27  under California law, because FEHA discrimination claims are rooted in a "fundamental public

1    interest" in preventing and deterring discrimination in the workplace, Juarez can maintain

2    alternative theories of relief through trial even though his alleged harms only happened in the

3    past. *See Harris v. City of Santa Monica*, 56 Cal. 4th 203, 225–26 (2013). If a jury ultimately

4    decides Dollar General discriminated against Juarez but also had a non-discriminatory reason for

5    terminating his employment, the court could still award Juarez declaratory relief and attorneys'

6    fees even if did not obtain a damages award. *See id.* at 211.

7         The court denies Dollar General's motion for summary judgment on Juarez's request for

8    declaratory relief and allows Juarez to maintain alternative theories of relief through trial.

9         **E.    Punitive Damages**

10         Dollar General seeks summary judgment on Juarez's request for punitive damages,

11   arguing he has not alleged facts that amount to oppressive conduct on the part of Dollar General

12   and that he has not identified a managing agent at Dollar General who engaged in such conduct.

13   *See* Mot. at 28–30; Reply at 6–8.

14         "In an action for the breach of an obligation not arising from contract, where it is proven

15   by clear and convincing evidence that the defendant has been guilty of oppression, fraud or

16   malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of

17   example and by way of punishing the defendant." Cal. Civ. Code § 3294(a). However, "an

18   employer shall not be liable for [punitive] damages . . . unless the employer had advance

19   knowledge of the unfitness of the employee and employed him or her with a conscious disregard

20   of the rights or safety of others or authorized or ratified the wrongful conduct . . . ." *Id.* § 3294(b).

21   For corporate employers, the person showing conscious disregard of the rights of others must be

22   an "officer, director, or managing agent." *Id.* Managing agents are corporate employees who

23   "exercise substantial independent authority and judgment over decisions that ultimately determine

24   corporate policy." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 573 (1999).

25         Juarez has identified three managers, Martinez, Rivera and Varela, who allegedly

26   discriminated against him. *See* Massey Dep. at 81–82; Pl.'s Juarez Dep. at 15, 40. He also

27   deposed Carey Massey, the Senior Director of Supply Chain Human Resources for Dollar

28   General. *See* Massey Decl. ¶ 2; *see generally* Massey Dep. A reasonable jury could find that any

1    one of these four managers maliciously discriminated against Juarez by intentionally not granting

2    him the accommodations he needed to continue working, by deliberately avoiding engaging with

3    him in the interactive process, and by intentionally refusing to interact with Juarez in October

4    2021 when he attempted to contact Dollar General about his employment status, or by ratifying

5    any of the foregoing conduct.  *See* Pl.'s Juarez Dep. at 16, 40; Am. Hadjian Decl. Ex. 12 at 164;

6    Massey Dep. at 111; Hadjian Am. Decl. Ex. 42 at 192.  A reasonable jury also could find any of

7    these four persons was a qualifying managing agent under California law, and thus award him

8    punitive damages.  *See White*, 21 Cal. 4th at 573.

9         Dollar General's motion for summary judgment on Juarez's punitive damages request is

10   denied.

11   **V.    CONCLUSION**

12        For the reasons stated above, the court **grants** Dollar General's motion for summary

13   judgment in part and **denies** the motion in part.  Specifically, the court orders the following:

14   - The court **overrules** all of Dollar General's and Juarez's evidentiary objections.

15   - The court resolves Dollar General's motion for summary judgment on aspects of

16      Juarez's FEHA claim (claim one) as follows:

17      - It **grants** summary judgment on the FEHA harassment claim, and

18      - **Denies** summary judgment on the FEHA discrimination and retaliation

19         claims.

20   - The court **grants** Dollar General's motion for summary judgment on Juarez's

21      CFRA discrimination, retaliation and harassment claims (claim two).

22   - The court **denies** Dollar General's motion for summary judgment on Juarez's

23      wrongful termination in violation of public policy claim (claim three).

24   - The court **denies** Dollar General's motion for summary judgment on Juarez's

25      request for declaratory relief (claim four).

26   - The court **denies** Dollar General's motion for summary adjudication on Juarez's

27      request for punitive damages.

28   - All DOE defendants are **dismissed** without prejudice.

- The court sets the final pretrial conference for **October 17, 2025**, at 1:30 pm in Courtroom Three at 501 I Street, Sacramento, California, 95814. The parties shall meet and confer and file a joint pretrial statement no less than 7 days prior to the final pretrial conference. The provisions of Local Rule 281 shall apply with respect to the matters to be included in the joint pretrial statement. At least one of the attorneys who will conduct the trial for each of the parties shall attend the final pretrial conference. All motions in limine must be identified with particularity in the joint pretrial statement. In most cases, motions in limine are addressed and resolved on the morning of the first day of trial. The parties may alert the court at the final pretrial conference and in their final joint pretrial statement that a particular motion or motions should be resolved earlier. At the final pretrial conference, the court will set a briefing and hearing schedule on the motions in limine as necessary. The parties are reminded that a motion in limine is a pretrial procedural device designed to address the admissibility of evidence. The court looks with disfavor upon dispositional motions presented at the final pretrial conference or at trial in the guise of motions in limine. Also in the pretrial statement, the parties should let the court know their position regarding court-convened settlement and whether they request referral to a settlement conference presided over by another judge of the court.

This order resolves ECF No. 16.

IT IS SO ORDERED.

DATED: September 16, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE